**Robert James FERGUSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1972.

Gordon L. Johnson, Public Defender Atty., Bowling Green, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

Robert James Ferguson was indicted for the murder of Exie Ruth Sutton in Bowling Green in June 1971, was tried in November of that year, was convicted of voluntary manslaughter and sentenced to serve twenty-one years in the penitentiary, the maximum penalty for the offense. The killing occurred about five o'clock in the morning in front of Exie's home after she had arrived in a car containing two other women and the driver boyfriend of one of the women. Ferguson was waiting for her, an argument began, a shot was heard while Exie's girl friend was phoning for police help at Exie's request, and Ferguson sped home. Within the hour the police arrested Ferguson and took him to the police station to book him on a charge of the murder of Exie.

There is overwhelming testimonial proof of Ferguson's guilt, and the sole question raised by the public defender on this appeal is the validity of a signed confession, executed by Ferguson shortly after his arrest, and which was admitted in evidence

after a thorough hearing in chambers as to its voluntariness. The assertion is made that Miranda warnings given Ferguson were not sufficiently explicit to alert an accused in Ferguson's state of mind of his right to counsel at the in-custody interrogation and his right to remain silent. The two arresting officers testified their printed card containing the Miranda warning was read to Ferguson on the way to the police station. Furthermore, the officer who transcribed Ferguson's confession testified he also warned Ferguson of his constitutional rights. The confession was transcribed on three sheets of paper, each of which had the Miranda warning printed at the top of the sheet, and each of which was signed at the foot of the sheet by Ferguson after it was read to him. Ferguson was a high school graduate, not an illiterate. At one point during the interrogation Ferguson said something about getting a lawyer, and the police testified they offered him the use of a telephone for that purpose, and even offered to call a lawyer for him, before going on with transcribing his confession, if he would tell them what lawyer he wanted. Ferguson did not tell them, but went on to finish the confession after which he signed each page of it.

Ferguson was represented at the trial by paid counsel who withdrew from the case when no further compensation was available for the appeal. Our perusal of the testimony given at the trial and in chambers convinces us that the public defender has raised the only possible issue he could on this appeal, but we are convinced also that Ferguson's confession at his in-custody interrogation was given after full and repeated notification of his constitutional rights both before and during his interrogation. Ferguson knew the confession could be used against him, he knew he could remain silent and he knew he could have a lawyer. We conclude the confession was voluntary and was properly admitted in evidence. For a summary of the case law on the subject of Miranda warnings, see 29 Am.Jur.2d, Evidence, Sections 555, 556, 557.

The judgment is affirmed.

All concur.